UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FRANKIE TELLES,** | Civil Action No. 21-464 (SDW) |
| **Plaintiffs,** | |
| v. | MEMORANDUM OPINION |
| **PATRICK NOGAN, et al.,** | |
| **Defendants.** | |

IT APPEARING THAT:

1. On or about January 7, 2021, Plaintiff, a convicted state prisoner, filed his current complaint in which he seeks to raise claims against the New Jersey Department of Corrections and Patrick Nogan, the administrator of the prison in which Plaintiff is detained, based on an assault he suffered at the hands of a group of prison guards in June 2020. (ECF No. 1). Plaintiff also filed an application to proceed *in forma pauperis* (Document 2 attached to ECF No. 1), and a motion requesting the appointment of counsel. (ECF No. 2).

2. Having reviewed Plaintiff's application and determined that leave to proceed without prepayment of fees is warranted, Plaintiff's *in forma pauperis* application is granted.

3. Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil

1

Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

    4. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

    5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in

their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6. In his complaint, Plaintiff seeks to raise claims against the New Jersey Department of Corrections and Administrator Patrick Nogan of Northern State Prison, arising out of an incident in which a group of guards allegedly used excessive force against Plaintiff after breaking up a fight between Plaintiff and his cellmate in June 2020. (*See* ECF No. 1 at 4-12). Plaintiff does not name the guards who allegedly beat him as Defendants, however, but instead wishes to have "the New Jersey Department of Corrections [and Nogan] . . . held accountable for this assault on [Plaintiff], but its employees." (*Id.* at 15).

7. Although Plaintiff may well be able to plead a cognizable excessive force claim against the guards involved in the alleged excessive force should he choose to do so by filing an amended complaint naming them as Defendants,[1] Plaintiff has failed to plead an actionable claim against either of the two named Defendants – the Department of Corrections and Administrator Nogan. Turning first to the Department of corrections, it is clear that a state department of corrections, is not a "person" amenable to suit under § 1983, and any claim against such a Department must be dismissed as such. *See, e.g., Grohs*, 984 F. Supp. 2d at 280; *see also Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989).

8. Turning to Defendant Nogan, Plaintiff seeks to hold Nogan accountable for the actions of his employees based on his role as "employer and overseer" of the officers involved in the beating and Nogan's alleged failure to personally "investigate []or prevent" the assault. (ECF No. 1 at 4). A defendant in a § 1983 matter may not be held liable based solely on his role as a

---

[1] Because it appears that Plaintiff could plead a cognizable claim against the guards if he wishes to do so, this Court shall provide Plaintiff leave to file an amended complaint within thirty days.

supervisor, but instead to be held liable under must have had "personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 (civil rights defendants may not be held liable under *respondeat superior* theory of liability). This generally requires a plaintiff to plead facts showing either the supervisory defendant's "participation [in the alleged wrong], or . . . actual knowledge and acquiescence [in his subordinate's wrongdoing], to be liable." *Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015); *see also Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-20 (3d Cir. 2014), *rev'd on other grounds*, 135 S. Ct. 2042 (2015). Plaintiff has pled no facts connecting Nogan to the assault – he has not alleged that Nogan knew the assault to be forthcoming, or knew that the officers involved were in some way a danger to Plaintiff specifically. Plaintiff has thus pled no more than an improper *respondeat superior* claim, and his claims against Nogan must be dismissed without prejudice.

9. Because this Court must dismiss all of Plaintiff's claims against the two named Defendants, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety, and Plaintiff's motion seeking the appointment of counsel is **DISMISSED WITHOUT PREJUDICE**[2] as moot in light of the dismissal of Plaintiff's complaint. An appropriate order follows.

Dated: January 12, 2021

                                           *s/Susan D. Wigenton*
                                          Hon. Susan D. Wigenton,
                                          United States District Judge

---

[2] In the event Plaintiff chooses to file an amended complaint, he is free to file a new motion seeking appointed counsel at that time.